KATE HANNAN, complainant-respondent,

v.

MARGARET E. WILSON, defendant-appellant.

[Decided January 31st, 1927.]

1. A deed by a married woman of her own lands, assented to by her husband by his signing and acknowledging it, is valid, although the husband is not named in the body of the deed as a party thereto or in the covenants therein.

2. *P. L. 1924 p. 347*, purporting to validate such a conveyance, is not unconsitutional.

On appeal from a decree of the court of chancery.

*Mr. William M. Beard,* for the appellant.

*Mr. Earl A. Merrill,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by Kate Hannan, the present respondent, to compel the specific performance of a contract for the sale of a certain tract of land in the town of Westfield, by the terms of which she agreed to convey to the appellant, Margaret E. Wilson, the said tract in consideration of $750, and the latter agreed to accept a conveyance thereof at the time specified in the articles of agreement and to pay the purchase-money therefor. When the time for performance arrived a deed was tendered by the respondent, pursuant to the provisions of the contract, but Wilson, the intending vendee, refused to accept it, or to pay the purchase-money, upon the ground that the respondent had no title to the property in question. The present bill was thereupon filed

by Hannan, and upon the hearing of the cause the court of chancery decreed the relief prayed for by the complainant, and the defendant has appealed from that decree.

The contention of the appellant that the title to the land in question is not vested in the respondent is based upon the following facts: In the chain of the respondent's title is a conveyance made by one Martha Harris to Joseph Moffett, dated July 6th, 1870. The grantor was a married woman, whose husband was then living. Her husband was not mentioned as a grantor in the body of the deed, and did not join in any of the covenants contained therein. He, however, joined in the execution thereof by signing and sealing it and attending before a commissioner of deeds with his wife and acknowledging before that officer that he signed, sealed and delivered the instrument as his voluntary act and deed, for the uses and purposes therein expressed. Based upon these facts, the argument in support of the appellant's contention is that the Harris conveyance is absolutely void, although, as she admits, the legal title to the land in question was in Mrs. Harris alone at the time of the making of the conveyance.

We consider the appellant's contention that, under the facts above recited, the Harris conveyance is void to be unsound. In the case of *Porch* v. *Fries, 18 N. J. Eq. 204, 208,* Chancellor Zabriskie, in dealing with a question somewhat similar to that now before us, held that, by our Married Woman's act, the husband has, during the wife's life, no interest or estate in lands received by the wife through purchase, gift, grant, devise, descent, or in any other manner; that, by force of the statute, they are her sole and separate property; that she holds them to her separate use as if she were a *feme sole,* free from his control; that she can sell them with his assent, and, if she so sells and conveys them, she conveys them, as she holds them, free from any interest or estate of her husband. This case has been frequently cited, and the doctrine of it has not been repudiated by later decisions. In our opinion, the soundness of the doctrine is recognized by the legislature in section 14 of our Married

Woman's act (*Comp. Stat. p. 3237*), which, as we read it, provides the method to be pursued for the purpose of expressing the husband's assent.  The language of the statute, so far as it is applicable to the present case, is as follows:

"That nothing in this act contained shall enable any married woman to execute any conveyance of her real estate without her husband joining therein, as heretofore."

That is, joining in the *execution* of the conveyance—not in the grant itself (for he has no present interest in the land which could be made the subject of a grant), nor in the covenants contained in the body of the deed.  The execution of a conveyance consists in the signing, sealing and acknowledging thereof; and, in order to make the wife's conveyance valid, the husband must join with her in that execution by signing, sealing and acknowledging the instrument. This, as has been already pointed out, was done in the conveyance now under consideration, and our conclusion is that the deed as delivered transferred to the grantee named therein a valid, legal title to the property described in it.

The conclusion which we have reached is not in conflict with that expressed by us in the case of *Jason* v. *Johnson, 74 N. J. Law 529,* relied upon by counsel for the appellant in support of his contention.  In that case the legal title to the property was vested in one Mary C. Baylor, as trustee for Norman R. and Tunstall P. Baylor.  The two *cestuis que truslent* undertook to convey the land by their deed to one Sharpe, they being the only grantors named in the instrument.  The deed was signed, not only by them, but also by Mary C. Baylor, the trustee, but she was nowhere mentioned or referred to in the body of the deed as a party thereto.  In that situation, we held that the conveyance did not operate to transfer the legal title vested in Mary C. Baylor to the grantee named in the deed; that, in order to have this effect, she must not only execute the deed, but must be a party to the instrument, and, as such party, grant to the party of the second part the title which was vested in her.

But, if we had reached the conclusion that the conveyance by Mrs. Harris did not presently operate to transfer the legal title to the land, we should still consider that the decree under review was properly directed, and for the following reason. On March 11th, 1924, the legislature passed the following statute:

"Where in any deed of conveyance of real property heretofore made by husband and wife both the husband and wife have signed the said deed of conveyance, and where their signatures have been duly witnessed and acknowledged as required by law, but where in the recital or the body of the deed of conveyance the name of one of the parties has been omitted, the said deed of conveyance shall be good and valid; provided, however, that the said deed is good and valid in all other respects." *P. L. 1924 p. 347.*

It is suggested by counsel that this statutory provision is unconstitutional, so far as it is applicable to cases like that now under consideration, because it deprives a married woman of property which never has been legally conveyed by her. But this suggestion is based upon a misapprehension of the effect of the statute. A deed by a married woman, in the execution of which her husband joins, vests in the grantee an equitable estate in the land which is the subject of the conveyance. *Wright* v. *Pell, 90 N. J. Eq. 11.* The purpose of the statute is not to divest her of property without compensation paid therefor, but solely to give that effect to a conveyance—made, executed and delivered in good faith by her, and for which she has received the consideration money— which the parties to the instrument intended that it should have; and this the statute does by declaring that the omission by the scrivener of the name of the husband in the body of the deed shall not defeat the purpose of the parties to the instrument, but that such a conveyance shall transfer the legal as well as the equitable title to the land embraced in it. The power of the legislature to enact statutes for this purpose cannot, we think, be successfully challenged. That it has been frequently exercised, a cursory examination of our statute law will disclose. At almost every session of that body statutes are passed, the object of which is to validate

conveyances made and accepted in good faith, but which are defective in their execution by reason of the fact that the acknowledgments thereto are nullities because the terms of the officers by whom they are taken have expired prior to the date of such taking; and, so far as we are aware, it has never even been suggested that such legislative action violates any constitutional provision.

For the reasons indicated, we conclude that the decree under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, MINTURN, KALISCH, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.   11.

*For reversal*—None.